**FILED**

**DEC 27 2002**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| ELAINE QUICK BEAR QUIVER; THERESA TWO BULLS; VERNON SCHMIDT; and ALFRED BONE SHIRT, | ) ) ) ) | Civ. 02-5069-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CONSENT ORDER |
| JOYCE HAZELTINE, in her official capacity as Secretary of State of the State of South Dakota; SHERILL DRYDEN, in her official capacity as County Auditor of Fall River County; and KATHLEEN FLAKUS, in her official capacity as County Auditor of Tripp County, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs Elaine Quick Bear Quiver, Theresa Two Bulls, Vernon Schmidt, and Alfred Bone Shirt filed this action against Joyce Hazeltine, in her official capacity as Secretary of State of the State of South Dakota, Sherill Dryden, in her official capacity as County Auditor of Fall River County, and Kathleen Flakus, in her official capacity as County Auditor of Tripp County, alleging that the State of South Dakota has filed to obtain preclearance, as required by Section 5 of the Voting Rights Act of 1965, for statutes and regulations affecting voting in Shannon and Todd counties.

The parties have agreed that it is appropriate and in the public interest to settle this case amicably and without further litigation. They have moved the Court for entry of this consent order. Upon consideration of this motion, and for good cause shown, it is the opinion of this Court that the motion should be granted.

Accordingly, and based upon the consent and agreement of the parties, it is

ORDERED, ADJUDGED, AND DECLARED as follows:

3

1. Notwithstanding any state law to the contrary, "Any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting" enacted after November 1, 1972, which affects voting in Shannon or Todd counties must be precleared in accordance with Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c, before it may be implemented.

2. While the State of South Dakota has obtained preclearance for several voting changes enacted since November 1, 1972, including those related to voter registration and related procedures to implement the National Voter Registration Act of 1993; Indian language procedures adopted to implement, inter alia, the requirements of the National Voter Registration Act of 1993; and a statewide voter registration system and its implementation procedures, it has failed to obtain preclearance for all such changes as required by Section 5, and a substantial number of these remain unprecleared.

3. The Defendants are immediately enjoined from implementing the following statutes unless and until they have obtained preclearance as required by Section 5.

    (a) An Act to allow municipalities to establish individual contests when more than one seat is vacant in a municipal election, ch. 59, 1996 S.D. Laws 104; and

    (b) An Act to provide for a secondary election if no candidate for United States senate, congressman, or governor received the required majority in a primary election, ch. 110, 1985 S.D. Laws 295.

      The question of whether this injunction precludes the State from implementing the affected statutes in counties other than Shannon and Todd is one of severability under state law that this Court need not address at this time.

4. This case may be referred to a magistrate judge to oversee the formulation and implementation of a comprehensive remedial plan, to be developed in conjunction with the parties that will promptly bring the State into full compliance with its obligations under Section 5. Such plan shall provide for the orderly submission of all uncprecleared voting changes in accordance with Section 5, 42 U.S.C. § 1973c, and the Attorney General's Guidelines for the Administration of Section 5, 28 C.F.R. Part 51. Such plan shall also provide the Plaintiffs, through their attorneys, with the opportunity to monitor the Defendants' compliance with the remedial plan and this consent order.

5. If all or parts of this matter are referred to a magistrate judge, then the magistrate judge shall have all powers necessary and appropriate to fulfill this mandate, including, but not limited to, the power to mediate any disputes that arise between the parties regarding whether a particular statute or regulation should be submitted for preclearance under the terms of this consent order and to recommend an appropriate resolution to this three-judge Court.

6. No further injunctions shall issue at this time; however, this Court shall retain jurisdiction to enter such orders and injunctions as it deems necessary and appropriate in the future to ensure that the State complies promptly with its obligations under Section 5 and with the terms of this consent order.

7. The Plaintiffs in this litigation are a "prevailing party" within the meaning of 42 U.S.C. § 1988 and are thereby entitled under that statute to a "reasonable attorney's fee" for services performed prior to the entry of this consent order and periodically while monitoring the State's compliance thereunder. The parties shall negotiate in good faith in an attempt to agree on a reasonable fee amount and schedule before seeking intervention by this Court. Any disputes regarding the timing or amount of attorneys' fees shall be resolved by this Court.

8. This consent order shall remain in effect until such time as the State is in full compliance with Section 5 as set forth in the remedial plan to be developed by the parties.

Dated this 27th day of December, 2002.

_____
DIANA E. MURPHY
UNITED STATES CIRCUIT JUDGE

_____
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

_____
JOAN ERICKSEN LANCASTER
UNITED STATES DISTRICT JUDGE

We consent:

Bryan Sells
Laughlin McDonald
Neil Bradley
Meredith Bell
American Civil Liberties Union
Foundation, Inc.
2725 Harris Tower
233 Peachtree Street
Atlanta, GA 30303
(404) 523-2721

Patrick Duffy
Duffy & Duffy
P.O. Box 8027
Rapid City, SD 57709-8027
(605) 342-1963

ATTORNEYS FOR PLAINTIFFS

Joyce Hazeltine
Secretary of State
500 East Capitol Avenue
Pierre, SD 57501
(605) 773-3537
DEFENDANT

Donald P. Knudsen
Gunderson, Palmer,
  Goodsell & Nelson
American Memorial Life
440 Mt. Rushmore Road
P.O. Box 8045
Rapid City, SD 57709-8045
(605) 342-1078

Mr. Alvin Pahlke
Todd County State's Attorney
P.O. Box 432
Winner, SD 57580-0432
(605) 842-1000

Mr. Lance Russell
Shannon County State's Attorney
906 North River Street
Hot Springs, SD 57747
(605) 745-3866

ATTORNEYS FOR COUNTY DEFENDANTS

pld.ssw (Quick Bear Quiver et al. v. Hazeltine et al.)(jmm)