UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
OCT 14 2005
CLERK

| | |
|---|---|
| ELAINE QUICK BEAR QUIVER; THERESA TWO BULLS; VERNON SCHMIDT; and ALFRED BONE SHIRT, | * * * Civ. 02-5069 * |
| Plaintiffs, | * |
| vs. | ORDER DENYING MOTION FOR STAY PENDING APPEAL |
| CHRIS NELSON, in his official capacity as Secretary of State of the State of South Dakota; SUE GANJE, in her official capacity as County Auditor of Shannon County; and KATHLEEN FLAKUS, in her official capacity as County Auditor of Tripp County, | * * * * * |
| Defendants. | * |

Before MURPHY, Circuit Judge, SCHREIER and ERICKSEN, District Judges.

SCHREIER, District Judge.

On July 13, 2005, a three-judge district court granted plaintiffs' request for a preliminary injunction and ordered the State of South Dakota to submit House

Bill 1265 to the Department of Justice for preclearance in 55 days. On July 25, 2005, defendants moved for a stay pending appeal. Defendants' motion for stay pending appeal is denied.

## I. Stay Pending Appeal

Federal Rule of Civil Procedure 62(c) authorizes the court to suspend or modify an injunction pending appeal. "If the judgment appealed from is rendered by a district court of three judges specially constituted pursuant to a statute of the United States, no such order shall be made except (1) by such court sitting in open court or (2) by the assent of all three judges of such court evidenced by their signatures to the order." Fed. R. Civ. P. 62(c).

When ruling on a motion for a stay pending appeal, the court must consider (1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits; (2) the threat of irreparable harm to the moving party absent a stay; (3) whether issuance of a stay pending appeal would substantially injure the other parties in the proceeding; and (4) the effect on the public interest. Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987). See also Iowa Utils. Bd. v. F.C.C., 109 F.3d 418, 424 (8th Cir. 1996).

### 1. Success on the Merits

Defendants contend that the court overstepped its authority in granting a preliminary injunction because the State of South Dakota and Charles Mix County are not covered by the § 5 preclearance requirement. A movant must make "a strong showing" of likely success on the merits on appeal to justify a stay of a district court's order pending appeal. Hilton, 481 U.S. at 776. An appellate court generally will not reverse the grant of a preliminary injunction unless the appellant

demonstrates that the district court relied upon clearly erroneous findings of fact, made an error of law, or abused its discretion when balancing the equities. See, e.g., West Pub. Co. v. Mead Data Central, Inc., 799 F.2d 1219, 1222-23 (8th Cir. 1986).

In its order granting the preliminary injunction, the three-judge district court considered and rejected defendants' arguments. The court based its preliminary injunction order on the consent order the parties entered into on December 27, 2002, as well as § 5 of the VRA and 42 U.S.C. § 1973c. Defendants have not raised any new arguments or identified any clearly erroneous findings of fact or any errors of law. Thus, this factor weighs against defendants.

### 2. Threat of Irreparable Harm to the Defendants

Defendants contend that a possible sixty-day delay to obtain preclearance of HB 1265, coupled with the delay it has endured since the court granted a temporary restraining order on March 16, 2005, will cause it irreparable harm. Def. Br. in Supp. of Mot. for Stay Pending Appeal at 7. Defendants have failed to show, however, that any harm it will suffer would be significant or irreparable. "In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." Iowa Utils. Bd., 109 F.3d at 424. The key word in the analysis is "irreparable." Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 154 (6th Cir. 1991).

If defendants win their appeal to the Supreme Court, their only injury would be that they were wrongly subjected to the preclearance requirement before their appeal was heard. This does not rise to the level of a significant and irreparable injury that would justify granting a stay pending appeal. See, e.g., Iowa Utils. Bd.,

109 F.3d at 426 (granting stay where applicant showed likelihood of unrecoverable economic losses); Michigan Coalition of Radioactive Material Users, 945 F.2d at 155 (granting stay where burial of radioactive waste in landfill would have been permanent and defendants would have been responsible for its perpetual care). Accordingly, this factor weighs against defendants.

### 3. Potential Harm to Other Parties from Issuance of a Stay

Defendants contend that issuance of a stay will not harm plaintiffs because a stay would allow Charles Mix County to comply with the Voting Rights Act (VRA) and would not affect residents of Todd or Shannon Counties.

Charles Mix County is not a party to this litigation, and thus the interests of Charles Mix County are not relevant. Plaintiffs, on the other hand, would continue to be subjected to continuing violations of the VRA if a stay is issued. Thus, the court finds that defendants have failed to show that plaintiffs would not be harmed by issuing a stay.

### 4. Public Interest

The public has an interest in ensuring that the State complies with federal laws, namely, the VRA. Similarly, the citizens of Charles Mix County have an interest in ensuring prompt compliance with the VRA and the Fourteenth Amendment with regard to their county commission districts. A short delay in allowing Charles Mix County to remedy its alleged lack of compliance, however, does not outweigh the general public's interest in ensuring the State's compliance with the VRA.

Defendants have failed to satisfy the four <u>Hilton</u> factors to the extent necessary to grant a stay pending appeal.

## II. Conclusion

For the foregoing reasons, it is hereby

ORDERED, ADJUDGED and DECREED that defendants' motion for stay pending appeal is denied.

Dated ~~September~~ October 14, 2005.

BY THE COURT:

_____
DIANA E. MURPHY
UNITED STATES CIRCUIT JUDGE

_____
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

_____
JOAN N. ERICKSEN
UNITED STATES DISTRICT JUDGE

5